**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 25-1049-JCG |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ADVANCED MICRO DEVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF EMPIRE TECHNOLOGY DEVELOPMENT LLC'S ANSWER TO DEFENDANT ADVANCED MICRO DEVICES, INC.'S COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Plaintiff Empire Technology Development LLC ("Empire" or "Plaintiff"), by and through its undersigned attorneys, hereby answers the Counterclaims to Plaintiff's Complaint for Patent Infringement by Defendant Advanced Micro Devices, Inc. ("AMD" or "Defendant") as follows. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Empire denies each and every allegation, matter, or thing contained in the Counterclaims. Empire responds to each of the numbered paragraphs of said Counterclaims as follows.

## THE PARTIES

1. Empire admits that Counterclaim-Plaintiff AMD is a corporation organized under the laws of the State of Delaware with its principal place of business at 2485 Augustine Drive, Santa Clara, California.

2. Empire admits that it is a limited liability company organized and existing under the laws of the State of Delaware.

**JURISDICTION AND VENUE**

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, Empire admits that AMD's Counterclaims purport to be an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202; that for the purposes of this action, this Court has subject matter jurisdiction over AMD's Counterclaims under 28 U.S.C. §§ 1331 and 1338(a); and that AMD's Counterclaims purport to arise under the patent laws of the United States.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, Empire does not contest that this Court has personal jurisdiction over it for the purpose of this action.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Empire does not contest that venue is proper in this District solely for the purpose of this action.

**COUNTERCLAIM I**

6. Empire incorporates by reference its responses to AMD's allegations.

7. Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, Empire admits that an actual case or controversy

exists between Empire and AMD as to whether AMD infringes U.S. Patent No. 9,367,370 (the "'370 Patent").

8. Empire denies the allegations set forth in Paragraph 8.

9. Paragraph 9 states AMD's legal position or conclusion and thus no response is required. To the extent a response is required, Empire admits that AMD is seeking a declaratory judgment. Except as expressly admitted, Empire denies the remaining allegations set forth in Paragraph 9.

10. Paragraph 10 states AMD's legal position or conclusion and thus no response is required. To the extent a response is required, Empire admits that AMD is seeking a declaratory judgment. Except as expressly admitted, Empire denies the remaining allegations set forth in Paragraph 10.

11. Empire denies the allegations set forth in Paragraph 11.

## COUNTERCLAIM II

12. Empire incorporates by reference its responses to AMD's allegations.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required, Empire admits that an actual case or controversy exists between Empire and AMD as to whether AMD infringes U.S. Patent No. 9,671,850 (the "'850 Patent").

14. Empire denies the allegations set forth in Paragraph 14.

15. Paragraph 15 states AMD's legal position or conclusion and thus no response is required. To the extent a response is required, Empire admits that AMD is seeking a declaratory judgment. Except as expressly admitted, Empire denies the remaining allegations set forth in Paragraph 15.

16. Paragraph 16 states AMD's legal position or conclusion and thus no response is required. To the extent a response is required, Empire admits that AMD is seeking a declaratory judgment. Except as expressly admitted, Empire denies the remaining allegations set forth in Paragraph 16.

17. Empire denies the allegations set forth in Paragraph 17.

## COUNTERCLAIM III

18. Empire incorporates by reference its responses to AMD's allegations.

19. Paragraph 19 states AMD's legal position or conclusion and thus no response is required. To the extent a response is required, Empire admits that an actual case or controversy exists between Empire and AMD as to whether the '370 Patent is valid.

20. Paragraph 20 states AMD's legal position or conclusion and thus no response is required. To the extent a response is required, Empire admits that AMD is seeking a declaratory judgment. Except as expressly admitted, Empire denies the remaining allegations set forth in Paragraph 20.

21. Empire denies the allegations set forth in Paragraph 21.

## COUNTERCLAIM IV

22. Empire incorporates by reference its responses to AMD's allegations.

23. Paragraph 23 states AMD's legal position or conclusion and thus no response is required. To the extent a response is required, Empire admits that an actual case or controversy exists between Empire and AMD as to whether the '850 Patent is valid.

24. Paragraph 24 states AMD's legal position or conclusion and thus no response is required. To the extent a response is required, Empire admits that AMD is seeking a declaratory judgment. Except as expressly admitted, Empire denies the remaining allegations set forth in Paragraph 24.

25. Empire denies the allegations set forth in Paragraph 25.

## JURY DEMAND

26. AMD's demand for a trial by jury requires no response. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Empire hereby demands a jury trial as to all issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Empire prays for a judgment in its favor and against AMD and respectfully requests the following relief:

A. A judgment dismissing with prejudice each of AMD's Counterclaims and every Prayer for Relief contained therein;

B. A judgment that AMD takes nothing by way of its Counterclaims;

C. A determination that this is an exceptional case under 35 U.S.C. § 285 and an award of attorneys' fees and costs to Empire; and

D. An order awarding Empire any such other relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Nicole K. Pedi (#6236)
Andrew M. Moshos (#6685)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
npedi@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff Empire Technology Development LLC*

OF COUNSEL:

Christopher J. Gaspar
Nathaniel T. Browand
Andrew Lichtenberg
Rachel Wolf
Hannah Juge
MILBANK LLP
55 Hudson Yards
New York, NY 10001
Tel: (212) 530-5000

Marina Markarian
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Tel: (424) 386-4000

Dated: December 1, 2025