**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

Plaintiff,

v.

ADVANCED MICRO DEVICES, INC.,

Defendant.

C.A. No. 25-1049-JCG

**JURY TRIAL DEMANDED**

**ADVANCED MICRO DEVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Advanced Micro Devices, Inc. ("AMD"), by and through the undersigned attorneys, for their Answer and Affirmative Defenses to the First Amended Complaint for Patent Infringement filed on March 12, 2026 by Plaintiff Empire Technology Development LLC ("Plaintiff" or "Empire"), admit and deny as follows. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, AMD denies each and every allegation, matter, or thing contained in the Complaint and states in response to each of the numbered paragraphs of said Complaint as follows:

## THE PARTIES

1. AMD is without information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and on that basis denies them.

2. AMD admits that AMD is a public Delaware corporation with a principal place of business at 2485 Augustine Drive, Santa Clara, California 95054. AMD also admits that it may be served with process at its registered agent for service of process at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. AMD denies the remaining allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. AMD admits that the Complaint alleges patent infringement under the patent laws of the United States. AMD admits, for purposes of this action only, that this Court has subject matter jurisdiction over Empire's claims made pursuant to 28 U.S.C. §§ 1331 and 1338(a). AMD denies the remaining allegations in Paragraph 3 of the Complaint and specifically denies that it is infringing or has infringed any valid claim of the patents-in-suit.

4. AMD admits that AMD is a Delaware corporation and, for purposes of this action only, that this Court has specific personal jurisdiction over AMD. AMD denies the remaining allegations in Paragraph 4 of the Complaint.

5. AMD admits that AMD is a Delaware corporation and, for purposes of this action only, that venue is proper in this Court. AMD denies the remaining allegations in Paragraph 5 of the Complaint and specifically denies that it is infringing or has infringed any valid claim of the patents-in-suit.

## THE PATENTS-IN-SUIT

### A. U.S. Patent No. 9,367,370

6. AMD admits that a document purporting to be U.S. Patent No. 9,367,370 (the "'370 Patent") is attached to the Complaint as Exhibit A, and that Exhibit A bears the title of "NOC LOOPBACK ROUTING TABLES TO REDUCE I/O LOADING AND OFF-CHIP DELAYS," and states that it issued on June 14, 2016. AMD denies the remaining allegations in Paragraph 6 of the Complaint.

7. AMD avers that the '370 Patent speaks for itself, and otherwise denies the allegations in Paragraph 7 in the Complaint, including all characterizations of the '370 Patent beyond the text of the patent.

8. AMD avers that the '370 Patent speaks for itself, and otherwise denies the allegations in Paragraph 8 in the Complaint, including all characterizations of the '370 Patent beyond the text of the patent.

9. AMD avers that the '370 Patent speaks for itself, and otherwise denies the allegations in Paragraph 9 in the Complaint, including all characterizations of the '370 Patent beyond the text of the patent.

10. AMD avers that the ’370 Patent speaks for itself, and otherwise denies the allegations in Paragraph 10 in the Complaint, including all characterizations of the ’370 Patent beyond the text of the patent.

11. AMD avers that the ’370 Patent speaks for itself, and otherwise denies the allegations in Paragraph 11 in the Complaint, including all characterizations of the ’370 Patent beyond the text of the patent.

12. AMD is without information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and on that basis denies them.

**B. U.S. Patent No. 9,671,850**

13. AMD admits that a document purporting to be U.S. Patent No. 9,671,850 (the “’850 Patent”) is attached to the Complaint as Exhibit B, and that Exhibit B bears the title of “LEAKAGE CURRENT VARIABILITY BASED POWER MANAGEMENT,” and states that it issued on June 6, 2017. AMD denies the remaining allegations in Paragraph 13 of the Complaint.

14. AMD avers that the ’850 Patent speaks for itself, and otherwise denies the allegations in Paragraph 14 in the Complaint, including all characterizations of the ’850 Patent beyond the text of the patent.

15. AMD avers that the ’850 Patent speaks for itself, and otherwise denies the allegations in Paragraph 15 in the Complaint, including all characterizations of the ’850 Patent beyond the text of the patent.

16. AMD avers that the ’850 Patent speaks for itself, and otherwise denies the allegations in Paragraph 16 in the Complaint, including all characterizations of the ’850 Patent beyond the text of the patent.

17. AMD avers that the ’850 Patent speaks for itself, and otherwise denies the allegations in Paragraph 17 in the Complaint, including all characterizations of the ’850 Patent beyond the text of the patent.

18. AMD is without information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and on that basis denies them.

## BACKGROUND OF THE ACTION

19. AMD is without information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and on that basis denies them.

20. AMD is without information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and on that basis denies them.

21. AMD admits Empire filed this lawsuit on August 21, 2025 alleging infringement of the ’370 and ’850 Patents, and on that same day Empire served a copy of the original complaint on AMD’s registered agent for service of process. AMD denies the remaining allegations in Paragraph 21 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

**COUNT I**

**(Alleged Infringement of U.S. Patent No. 9,367,370)**

22. AMD incorporates by reference its responses to Empire's allegations in Paragraphs 1 through 21 of the Complaint as if specifically set forth herein.

23. AMD denies each and every allegation set forth in Paragraph 23 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

24. AMD denies each and every allegation set forth in Paragraph 24 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

25. AMD admits that the Complaint purports to allege infringement of the '370 Patent by AMD Ryzen processors with the Zen 3 microarchitecture and later-released generations of the Zen microarchitecture. AMD denies the remaining allegations in Paragraph 25 of the Complaint and specifically denies that any of these products infringe any valid claim of the patents-in-suit.

26. AMD admits that the Complaint purports to allege infringement of the '370 Patent by AMD Ryzen processors with the Zen 3 microarchitecture and later-released generations of the Zen microarchitecture. AMD denies the remaining allegations in Paragraph 26 of the Complaint and specifically denies that any of these products infringe any valid claim of the patents-in-suit.

27. AMD admits that the Complaint purports to allege infringement of the ’370 Patent by AMD EPYC processors with the Zen 3 microarchitecture and later-released generations of the Zen microarchitecture. AMD denies the remaining allegations in Paragraph 27 of the Complaint and specifically denies that any of these products infringe any valid claim of the patents-in-suit.

28. AMD denies each and every allegation set forth in Paragraph 28 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

29. AMD denies each and every allegation set forth in Paragraph 29 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

30. AMD denies each and every allegation set forth in Paragraph 30 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

31. AMD denies each and every allegation set forth in Paragraph 31 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

32. AMD denies each and every allegation set forth in Paragraph 32 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

33. AMD admits that Paragraph 33 of the Complaint includes what purports to be an annotated reproduction of claim 14 of the ’370 Patent in Exhibit A. AMD denies the remaining allegations in Paragraph 31 of the Complaint.

34. AMD denies each and every allegation set forth in Paragraph 34 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

35. AMD denies each and every allegation set forth in Paragraph 35 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

36. AMD denies the allegations in Paragraph 36 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

37. AMD denies the allegations in Paragraph 37 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

38. AMD denies the allegations in Paragraph 38 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

39. AMD denies each and every allegation set forth in Paragraph 39 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

40. AMD denies each and every allegation set forth in Paragraph 40 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

41. AMD denies the allegations in Paragraph 41 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

42. AMD denies the allegations in Paragraph 42 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

43. AMD denies each and every allegation set forth in Paragraph 43 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

44. AMD denies the allegations in Paragraph 44 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

45. AMD denies the allegations in Paragraph 45 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

46. AMD denies the allegations in Paragraph 46 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

47. AMD denies the allegations in Paragraph 47 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

48. AMD denies the allegations in Paragraph 48 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

49. AMD denies the allegations in Paragraph 49 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

50. AMD denies each and every allegation set forth in Paragraph 50 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

51. AMD denies each and every allegation set forth in Paragraph 51 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

52. AMD denies the allegations in Paragraph 52 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

53. AMD denies the allegations in Paragraph 53 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

54. AMD denies the allegations in Paragraph 54 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

55. AMD denies each and every allegation set forth in Paragraph 55 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

56. AMD denies the allegations in Paragraph 56 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

57. AMD denies the allegations in Paragraph 57 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

58. AMD denies the allegations in Paragraph 58 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

59. AMD denies the allegations in Paragraph 59 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

60. AMD denies each and every allegation set forth in Paragraph 60 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

61. AMD denies the allegations in Paragraph 61 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

62. AMD denies each and every allegation set forth in Paragraph 62 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

63. AMD denies each and every allegation set forth in Paragraph 63 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

64. AMD denies each and every allegation set forth in Paragraph 64 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

65. AMD denies each and every allegation set forth in Paragraph 65 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

## COUNT II

### (Alleged Infringement of U.S. Patent No. 9,671,850)

66. AMD incorporates by reference its responses to Empire's allegations in Paragraphs 1 through 65 of the Complaint as if specifically set forth herein.

67. AMD denies each and every allegation set forth in Paragraph 67 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

68. AMD denies each and every allegation set forth in Paragraph 68 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

69. AMD denies each and every allegation set forth in Paragraph 69 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

70. AMD admits that the Complaint purports to allege infringement of the ’850 Patent by AMD products with Zen 3+ microarchitecture and later-released generations of the Zen microarchitecture. AMD denies the remaining allegations in Paragraph 70 of the Complaint and specifically denies that any of these products infringe any valid claim of the patents-in-suit.

71. AMD denies each and every allegation set forth in Paragraph 71 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

72. AMD denies each and every allegation set forth in Paragraph 72 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

73. AMD denies each and every allegation set forth in Paragraph 73 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

74. AMD denies each and every allegation set forth in Paragraph 74 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

75. AMD denies each and every allegation set forth in Paragraph 75 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

76. AMD admits that Paragraph 76 of the Complaint includes what purports to be an annotated reproduction of claim 12 of the ’850 Patent in Exhibit B. AMD denies the remaining allegations in Paragraph 73 of the Complaint.

77. AMD denies each and every allegation set forth in Paragraph 77 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

78. AMD denies each and every allegation set forth in Paragraph 78 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

79. AMD denies the allegations in Paragraph 79 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

80. AMD denies the allegations in Paragraph 80 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

81. AMD denies the allegations in Paragraph 81 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

82. AMD denies the allegations in Paragraph 82 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

83. AMD denies the allegations in Paragraph 83 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

84. AMD denies the allegations in Paragraph 84 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

85. AMD denies the allegations in Paragraph 85 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

86. AMD denies each and every allegation set forth in Paragraph 86 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

87. AMD denies the allegations in Paragraph 87 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

88. AMD denies each and every allegation set forth in Paragraph 88 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

89. AMD denies the allegations in Paragraph 89 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

90. AMD denies each and every allegation set forth in Paragraph 90 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

91. AMD denies the allegations in Paragraph 91 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

92. AMD denies the allegations in Paragraph 92 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

93. AMD denies the allegations in Paragraph 93 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

94. AMD denies each and every allegation set forth in Paragraph 94 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

95. AMD denies the allegations in Paragraph 95 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

96. AMD denies the allegations in Paragraph 96 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

97. AMD denies each and every allegation set forth in Paragraph 97 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

98. AMD denies the allegations in Paragraph 98 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

99. AMD denies the allegations in Paragraph 99 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

100. AMD denies the allegations in Paragraph 100 of the Complaint, including all characterizations of the cited references beyond the text of the cited references and distortions via selective excerpts.

101. AMD denies the allegations in Paragraph 101 of the Complaint, including all characterizations of the cited reference beyond the text of the cited reference and distortions via selective excerpts.

102. AMD denies each and every allegation set forth in Paragraph 102 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

103. AMD denies each and every allegation set forth in Paragraph 103 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

104. AMD denies each and every allegation set forth in Paragraph 104 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

105. AMD denies each and every allegation set forth in Paragraph 105 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

106. AMD denies each and every allegation set forth in Paragraph 106 of the Complaint, and specifically denies that it has committed or is committing any act of patent infringement of any kind.

## PRAYER FOR RELIEF

107. Empire's Prayer for Relief sets forth Empire's statement of requested relief, to which no response is required. To the extent a response is required, AMD denies that Empire is entitled to any of its requested relief and denies all allegations therein.

## DEMAND FOR JURY TRIAL

To the extent a response is required, AMD admits that Empire's Complaint contains a request for a jury trial.

## GENERAL DENIAL

To the extent that any allegations of the Complaint are not specifically admitted, AMD hereby denies them.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that AMD bears the burden of proof as to any of them and reserving the right to amend its answer as additional information becomes available, AMD pleads the following defenses:

## FIRST DEFENSE

AMD has not engaged in any acts that would constitute direct or indirect infringement of any valid claim of the ’370 and ’850 Patents, either literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND DEFENSE

The claims of each of the ’370 and ’850 Patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §§ 101 *et seq*., including at least sections 101, 102, 103, 111, 112, 115, 116, 119, 132, 251, 256, and/or 282.

## THIRD DEFENSE

Empire is barred or limited from recovery in whole or in part by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

Empire is barred or limited from recovery in whole or in part by the doctrines of estoppel, waiver, acquiescence, patent misuse, and/or unclean hands.

**FIFTH DEFENSE**

Empire's claim for damages is barred by statute to the extent Empire seeks damages for any alleged infringement committed more than six years prior to the filing of its Complaint under of 35 U.S.C. § 286.

**SIXTH DEFENSE**

Empire's claims for relief are limited to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to AMD or are imported by, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to one or more of the '370 and '850 Patents, and/or under the doctrines of exhaustion, first sale, license, implied license, full compensation, or restrictions against double recovery.

**SEVENTH DEFENSE**

To the extent that Empire's claims are directed to acts occurring outside the United States, those claims for relief are barred or limited by the doctrine of territoriality by 35 U.S.C. § 271 *et seq*., including but not limited to § 271(a) and (c).

**EIGHTH DEFENSE**

Empire is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

## NINTH DEFENSE

Empire has failed to state a claim upon which relief can be granted. For example, Empire has asserted indirect and willful infringement despite AMD having no prior knowledge of the patents-in-suit, and such knowledge is an element required for assertion of indirect and willful infringement.

## TENTH DEFENSE

Empire is barred in whole or in part from recovering damages by a failure by Empire, its predecessors-in-interest, and/or licensee of the ’370 and ’850 Patents to mark relevant products as required by 35 U.S.C. § 287.

## ELEVENTH DEFENSE

Empire is not entitled to an injunction because Empire is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm because of AMD’s conduct, and has an adequate remedy at law.

## TWELFTH DEFENSE

To the extent that Empire lacks all substantive rights to bring suit and to exclude others from practicing the claims of one or more of the ’370 and ’850 Patents, Empire’s claims are barred by a lack of standing.

## THIRTEENTH DEFENSE

Empire's claims for patent infringement are barred in whole or in part because products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement.

## FOURTEENTH DEFENSE

Empire's claims of patent infringement under the doctrine of equivalents, if any, are barred under the doctrine of ensnarement.

## RESERVATION OF ADDITIONAL DEFENSES

AMD reserves the right to assert additional defenses that may be developed through discovery in this action.

## AMD'S PRAYER FOR RELIEF

WHEREFORE, AMD respectfully requests that the Court enter judgment for it and against Plaintiff Empire and grant the following relief:

A. A judgment dismissing Empire's Complaint against AMD with prejudice;

B. A judgment that AMD has not directly or indirectly infringed any valid and enforceable claim of the '370 and/or '850 Patents;

C. A judgment that the '370 and '850 Patents are invalid and/or unenforceable;

D. A judgment that this case is exceptional under 35 U.S.C. § 285 and an award to AMD of its reasonable costs and expenses of litigation, including attorneys' fees and prejudgment interest;

E. A judgment limiting or barring Empire's ability to enforce the '370 and '850 Patents in equity; and

F. Such other relief as the Court shall deem just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, AMD respectfully requests a jury trial of all issues triable to a jury in this action.

OF COUNSEL:

Ryan K. Yagura
Nicholas J. Whilt
O'Melveny & Myers LLP
400 S. Hope Street
Los Angeles, CA 90071
ryagura@omm.com
nwhilt@omm.com
(213) 430-6000

Clarence Rowland
O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111
(415) 984-8700
crowland@omm.com


Dated: March 26, 2026


*<u>/s/ Christine D. Haynes</u>*
Frederick L. Cottrell, III (#2555)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
haynes@rlf.com

*Attorneys for Defendant Advanced Micro Devices, Inc.*